HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RODNEY E. CAREW,

          Plaintiff,

     v.

BANK OF AMERICA, N.A., et al.,

          Defendants.

CASE NO. C14-413RAJ

ORDER TO SHOW CAUSE

## I.  INTRODUCTION

The court orders Defendants Bank of America, N.A. ("BofA") and Northwest Trustee Services, Inc. ("NW Trustee") to show cause why the court should not remand this action to Snohomish County Superior Court because the court lacks subject matter jurisdiction.  Defendants' response to this order is due no later than August 11, 2014.  If Defendants do not respond, the court will remand this action.  The clerk shall TERMINATE Defendants' motions to dismiss (Dkt. ## 6, 10), although the court will resolve them in the event that Defendants demonstrate that this court has subject matter jurisdiction.

## II.  BACKGROUND & ANALYSIS

Plaintiffs Rodney and Marie Carew, acting without the assistance of an attorney, filed this suit in Snohomish County Superior Court in February 2014.  Their complaint reflects that they are not attorneys.  Among other things, it demands that the court "set aside a void wrongful foreclosure process and sale date," but it contains no allegations

ORDER – 1

describing this foreclosure process or explaining the sale date.  The complaint is a meandering document that includes allegations of criminal wrongdoing that a court cannot resolve in a civil suit and lengthy citations to case law that have no place in a complaint.

What the complaint unmistakably reveals, however, is that the Carews have sued just two Defendants: BofA and NW Trustee.  BofA knows at least the subject matter of the dispute: a $25,000 loan, secured by a deed of trust to the Carews' Woodinville residential property, that BofA purports to have acquired in July 2011.  The Carews also may have a $459,000 home equity line of credit secured by another deed of trust, but there is no allegation that BofA acquired that loan or has any interest in it.  Although BofA's notice of removal implied that it held an interest in the larger loan, its motion to dismiss dispels that implication.  Def.'s Mot. (Dkt. # 6) ("BANA only had an interest in the $25,000 loan, not the HELOC.").

BofA also knows that on several occasions in the past few years, NW Trustee (who BofA purports to have appointed as the successor trustee) has initiated foreclosure proceedings against the Carews.  On at least two occasions (in July 2012 and June 2013), NW Trustee provided notices of scheduled trustee sales, although it discontinued those sales, and there is no indication that any trustee's sale is currently scheduled.  The notices of trustee's sale, however, make clear that the only deed of trust on which NW Trustee initiated foreclosure proceedings is the one securing the $25,000 loan.

Although BofA knew these facts, and knew that NW Trustee was a Washington corporation, it filed a notice of removal in March.

Federal courts are courts of limited jurisdiction.  Putting aside less-frequently-invoked bases for federal jurisdiction that have no applicability here, a federal court has jurisdiction over only two types of civil cases: those "arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1332) and those arising among parties of diverse citizenship where the amount in controversy exceeds $75,000 (28 U.S.C.

ORDER – 2

§ 1332). The Carews' complaint states no claim arising under federal law, and no Defendant contends otherwise. The court thus focuses on whether the court has diversity jurisdiction.

Defendants falter first on the amount in controversy. As noted, the only loan on which Defendants claim an interest is for $25,000. The court observes that the July 2012 notice of trustee's sale stated a total arrearage (including late charges, trustee expenses, and more) of about $23,750. The June 2013 notice of trustee's sale stated essentially the same sum due. BofA's notice of removal states no basis upon which it can credibly claim more than $75,000 in controversy in a dispute worth less than $25,000. The Carews mention the much larger home equity loan, and they also claim that they wish to quiet title to the property, but Defendants know that the Carews have not sued anybody holding an interest in the larger loan. Thus, even if Plaintiffs prevail in quieting title (and the court in no way suggests that they will), they will quiet an interest worth less than $25,000. That is the object of this litigation. Even if the Carews hope to obtain relief as to the larger loan, Defendants know that they cannot do so without (at a minimum) suing someone who holds an interest in that loan.

Second, Defendants have failed to establish diversity of citizenship. As Defendants know, the court can exercise diversity jurisdiction in a case like this only when no defendant is a citizen of the same state as any plaintiff. 28 U.S.C. § 1332(a)(1). When BofA removed this case, it admitted that NW Trustee and the Carews are citizens of Washington. But BofA characterized NW Trustee as a "nominal defendant," suggesting that NW Trustee plays a purely ministerial role here. BofA is mistaken. Among other allegations, the Carews insist that NW Trustee has no authority to act as trustee, because BofA never became the holder of the $25,000 note, and thus had no authority to appoint NW Trustee as a successor trustee. Trustees are not "nominal defendants," in such cases, they are potentially liable via either the Washington Deed of Trust Act or Washington Consumer Protection Act. *See*, *e.g.*, *Walker v. Quality Loan*

ORDER – 3

*Serv. Corp.*, 308 P.3d 716, 724 (Wash. Ct. App. 2013) ("[W]e hold that a borrower has an actionable claim against a trustee who, by acting without lawful authority or in material violation of the D[eed of Trust Act], injures the borrower, even if no foreclosure sale occurred."); *id.* at 727-28 (reversing dismissal of CPA claim against trustee and purported note holder).

### III.   CONCLUSION

For the reasons previously stated, the court orders BofA and NW Trustee to show cause why the court should not remand this action to Snohomish County Superior Court because the court lacks subject matter jurisdiction.  Defendants' response to this order is due no later than August 11, 2014.  If they do not respond, the court will remand this action.  The clerk shall TERMINATE Defendants' motions to dismiss (Dkt. ## 6, 10), although the court will resolve them in the event that Defendants demonstrate that this court has subject matter jurisdiction.

For the benefit of Plaintiffs, the court explains that it cannot consider the merits of this case (or Defendants' motions to dismiss) unless it has jurisdiction over this case.  It has issued this order to require Defendants to show that the court has jurisdiction.  If Defendants do not demonstrate jurisdiction, the court will send this case back to Snohomish County Superior Court, where it was originally filed.  Nothing in this order should be read to suggest that the court has any opinion on the merits of this case.  The court merely questions whether it has jurisdiction to consider the merits of this case.

DATED this 28th day of July, 2014.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4